USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 4/9/2025

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CANDIDO BARRIOS,

                Plaintiff,

-against-

ICP Jerome LLC, QC Gerard LLC, QC JEROME LLC, and Park Avenue South Management LLC,

                Defendants.

1:24-cv-4941(MKV)

**ORDER**

---

MARY KAY VYSKOCIL, United States District Judge:

    The Court is in receipt of a letter dated January 21, 2025, informing the Court that this case has settled and requesting the Court adjourn all dates and deadlines in this case *sine die* pending submission of an executed settlement agreement for approval. [ECF No. 30]. As of the date of this Order, no motion for settlement approval has been filed. Since Plaintiff's Complaint asserts claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*., judicial approval is required before settlement. *See Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015) (holding that FLSA settlements require the approval of either the district court or the United States Department of Labor).

    Accordingly, IT IS HEREBY ORDERED that **on or before May 7, 2025** the parties shall submit a joint letter to the Court with sufficient information to enable the Court to evaluate whether the settlement is fair and reasonable. Specifically, the parties should address the following factors:

> (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion.

*See Medley v. Am. Cancer Soc.*, No. 10-CV-3214, 2010 WL 3000028, at *1 (S.D.N.Y. July 23, 2010).  The letter should address any other issues that might be pertinent to the question of whether the settlement is reasonable.  The joint letter should also explain the attorney fee arrangement, attach a copy of the retainer agreement, and provide information detailing the actual attorney's fees incurred.  Finally, a copy of the settlement agreement itself must accompany the joint letter or motion.

**SO ORDERED.**

**Date:  April 9, 2025**
       **New York, NY**

                                        **MARY KAY VYSKOCIL**
                                        **United States District Judge**