**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
----------------------------------------------------------------X

CANDIDO BARRIOS,

                       Plaintiff,                         **24-CV-4941 (VF)**

         -against-                            **ORDER OF DISMISSAL**

ICP JEROME LLC, et al.,

                     Defendants.

----------------------------------------------------------------X

**VALERIE FIGUEREDO, United States Magistrate Judge:**

The parties in this wage-and-hour case under the Fair Labor Standards Act ("FLSA") have consented to my jurisdiction under 28 U.S.C. 636(c) and Fed. R. Civ. P. 73 for purposes of reviewing their proposed settlement (ECF No. 35), and have now submitted a joint Letter-Motion in support of settlement (ECF No. 37) and proposed settlement agreement (ECF No. 37-1) for approval under Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199 (2d Cir. 2015). Courts generally recognize a "strong presumption in favor of finding a settlement fair" in FLSA cases like this one, as courts are "not in as good a position as the parties to determine the reasonableness of an FLSA settlement." Souza v. 65 St. Marks Bistro, No. 15-CV-327 (JLC), 2015 WL 7271747, at *4 (S.D.N.Y. Nov. 6, 2015) (citation omitted).

This Court has reviewed the Agreement, corresponding letter, and supporting documentation in order to determine whether the proposed agreement represents a reasonable compromise of the claims asserted in this action. The Court notes that although attorney's fees of $16,431 and costs of $705 for a total of $17,136 in fees is greater than 33.33% of the settlement amount of $50,000, other courts have considered attorney's fees and costs separately in

determining whether the fees are reasonable. See, e.g., De Jesus Galindo v. BLL Rest. Corp., No. 15-CV-5885 (HBP), 2018 WL 1684412, at *4 (S.D.N.Y. Apr. 6, 2018) (finding "one-third of the net settlement amount, after the deduction of approved costs, is the appropriate attorneys' fee" and then addressing out-of-pocket costs); Myers v. Life Alert Emergency Response, Inc., No. 23-CV-03609 (ER), 2024 WL 422057, at *2 (S.D.N.Y. Jan. 5, 2024) ("The Court further concludes that the proposed attorney fees and costs are reasonable. [Plaintiff's] counsel will receive $10,318 for fees and costs, which is about 34.4% of the total settlement. The amount requested in attorney fees is $9,841, which is one-third of the net settlement amount after deducting litigation costs.") (internal citations omitted); Araus v. Primos Live Poultry Inc., No. 24-CV-1044 (MKV), 2025 WL 2998059, at *2 (S.D.N.Y. Sept. 23, 2025) (approving settlement where "[t]he proposed attorneys' fees represent approximately one-third of the total settlement amount after deducting costs").

Further, the Court notes that billing rate for attorney Abdul Hassan, billing at $600 per hour, is on the higher end, courts in this District have approved settlement agreements reflecting the same rate in other FLSA cases. See, e.g., Bryant v. Motivate LLC, No. 22-CV-3516 (VF) (S.D.N.Y. July 11, 2023) at ECF No. 24 (approving rate of $600 for Hassan); Breshanaj v. Silverstone Property Group, LLC et al., No. 22-CV-9293 (KPF) (S.D.N.Y. Oct. 5, 2023) at ECF No. 27 (same).

Finally, although the Court notes that the Settlement Agreement contains a general release of all claims, it is a mutual general release, "which has been approved by courts in this Circuit." Bayas v. Nor-Marathon Serv. Ctr., Inc., No. 16-CV-356 (CLP), 2019 WL 13213669, at *2 (E.D.N.Y. Dec. 17, 2019) (citing Souza, 2015 WL 7271747, at *5).

Thus, in light of the totality of the relevant circumstances, including the representations made in the parties' letter and the terms of the proposed settlement agreement, it is hereby **ORDERED** that:

1. The Court finds that the terms of the proposed settlement agreement are fair, reasonable, and adequate, both to redress Plaintiff's claims in this action and to compensate Plaintiff's counsel for their legal fees, and the agreement is therefore approved.

2. This Court will retain jurisdiction over this matter for the purpose of enforcing the settlement agreement, if necessary.

3. As a result of the Court's approval of the parties' proposed settlement, this action is hereby discontinued with prejudice and without costs, provided, however, that, within 30 days of the date of this Order, if any aspect of the written documentation of the settlement is not completed, then Plaintiff may apply by letter for the restoration of the action to the active calendar of the Court.

4. The Clerk of Court is directed to close this case.

**SO ORDERED.**

DATED:    New York, New York
          February 13, 2026

_____
VALERIE FIGUEREDO
United States Magistrate Judge